Evelyn Lubiano MENDOZA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–72478.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 21, 2004.

Evelyn Lubiano Mendoza, West Covina, CA, pro se.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Larry P. Cote, U.S. Department of Justice, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

### MEMORANDUM **

Petitioner Evelyn Lubiano Mendoza, a native citizen of the Philippines, appeals pro se from the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") decision denying her applications for asylum and withholding of removal under 8 U.S.C. § 1231(b)(3), and her request for relief under Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("Convention Against Torture"). We have jurisdiction over this timely appeal pursuant to 8 U.S.C. § 1252(a). We deny the petition for review.

Mendoza contends that she was subject to past persecution in the Philippines and that she has a well-founded fear of future persecution if returned to the Philippines based on the severity of the past persecution. Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as if it were that of the BIA. *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir. 2002). We review the IJ's decision for substantial evidence. *Ortiz v. INS,* 179 F.3d 1148, 1154 (9th Cir.1999).

The Government first argues that Mendoza's petition should be dismissed because her pro se brief does not cite to the record in support of her contentions on appeal pursuant to Federal Rule of Appellate Procedure 28(a)(9). Construing Mendoza's brief "liberally," as we are required to do, it is clear that she is requesting political asylum, withholding of removal, and relief under the Convention Against Torture. *See Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990).

Because the Government capably responded to each of these issues, we decline to dismiss Mendoza's appeal pursuant to Rule 28(a)(9). *See Lim v. INS,* 224 F.3d 929, 933–34 (9th Cir.2000).

█ The IJ's finding that Mendoza failed to establish past persecution as defined in *Chand v. INS,* 222 F.3d 1066, 1073 (9th Cir.2000), is supported by substantial evidence. The threats she received went unfulfilled and do not amount to past persecution because Mendoza was never subjected to actual "suffering or harm." *Lim,* 224 F.3d at 936.

█ The IJ's conclusion that Mendoza failed to establish a well-founded fear of future persecution is also supported by substantial evidence. *Cf. Lim,* 224 F.3d at 935 (holding that petitioner had established a well-founded fear of future persecution where petitioner was an active opponent of the Communist New People's Army ("NPA")-an anti-Marcos political organization-testified against the NPA in court, was threatened with death, followed, appeared on a death list, and where petitioner's colleagues who received similar threats were actually killed). Here, Mendoza was threatened by a person affiliated with NPA only once, received threatening phone calls for two weeks, and her home was visited by an unknown man asking questions about her. Unlike the petitioner in *Lim,* Mendoza was not an NPA informer and she provided no evidence that anyone she was associated with was harmed by the NPA.

Because Mendoza does not meet the requirements for asylum, she also fails to satisfy the more stringent standard for withholding of removal. *Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003). Because there is no evidence in the record

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that Mendoza was tortured while living in the Philippines or evidence that establishes that it is more likely than not that she will be tortured if returned to the Philippines, her claim under the Convention Against Torture also fails. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

**PETITION DENIED.**